UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| KEVIN BOYETTE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No.: 2:23-CV-52-KAC-CRW ) |
| C. PHILLIPS, CHRISTY FRAZIER, and BRIDGETTE TROGDON, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") who is proceeding pro se, filed a motion to proceed *in forma pauperis*, [Doc. 4], in this action under 42 U.S.C. § 1983, [s*ee* Doc. 1]. Because the motion was not properly supported, on May 30, 2023, the Court entered an order giving Plaintiff thirty (30) days to submit a certified copy of his inmate trust account for the previous six-month period [*See* Doc. 6]. In the Order, the Court warned that "**If Plaintiff fails to fully and timely comply with this Order, the Court will presume that he is not a pauper, assess the full amount of fees, and order the case dismissed for want of prosecution**" [*Id.* at 2].

That Order was returned to the Court on June 12, 2023, because the envelope containing the Order did not list Plaintiff's TDOC inmate number [*See* Doc. 7]. On June 12, the Court mailed the Order to Plaintiff again, in an envelope that listed Plaintiff's TDOC inmate number [*See id*.]. More than thirty days have passed since the Court remailed the Order, and Plaintiff has not complied with the Court's Order or otherwise responded to the Order.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss a case for a failure "to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); s*ee also Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 362-63 (6th Cir. 1999); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sua sponte order of dismissal under Rule 41(b)." (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

Here, an analysis of those factors supports the dismissal of Plaintiff's claims. First, after the Court remailed the Order to Plaintiff, Plaintiff's failure to timely comply with the Court's Order was due to Plaintiff's willfulness or fault. Plaintiff chose not to comply with, or even respond to, the Court's Order. Second, Plaintiff's failure to comply with the Order has not prejudiced Defendants because they have not yet been served. Third, the Court expressly warned Plaintiff that a failure to timely comply with the Order would result in the dismissal of this action [*See* Doc. 6 at 2]. Finally, alternative sanctions are not warranted because Plaintiff failed to comply with the Court's clear instructions. On balance, these factors support dismissal of this action under Rule 41(b).

"[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this

2

margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing about Plaintiff's pro se status prevented him from complying with the Court's Order, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff is **ASSESSED** the filing fee of $402.00, and the Court **DISMISSES** this action. The Clerk **SHALL** provide a copy of this Memorandum Opinion and Order to the Court's financial deputy and Plaintiff's custodian. This Order shall be placed in Plaintiff's institutional file and follow him if he is transferred to another correctional facility. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a). Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See id*.

**SO ORDERED. AN APPROPRIATE JUDGMENT SHALL ENTER.**

**ENTER:**

          s/ Katherine A. Crytzer
          KATHERINE A. CRYTZER
          United States District Judge